IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY RAY SADLER a/k/a
SALAH AL-DIN YUSSUF IBN AYYUB,
et al JOHN/JANE DOES,

        Plaintiffs,

vs.                                       No. CV 17-00699 JCH/CG

STATE OF MONTANA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint filed by Plaintiff, Timothy Ray Sadler, on July 3, 2017 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim and as frivolous under § 1915(e)(2)(B).

Plaintiff Sadler is proceeding pro se and apparently seeks to proceed *in forma pauperis*. (Doc. 1 at 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at

570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

To state a civil rights claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Plaintiff Sadler mailed his Complaint to this Court, but claims he is seeking to proceed "In the International Court of Justice in the Netherlands." (Doc. 1 at 1). His listing of the parties runs for four single-spaced pages, and he names a wide variety of Defendants ranging from the "State of Montana" to "Area 51" to "other truckstops around the United States" to the "Knights Templar" to the "Roman Empire". (Doc. 1 at 1-4). He describes his cause of action as a "world wise universal class action ranging from a 42 U.S.C. Title 42/18 and U.S.C. § 1983 and ranging

up to a 1987 up to a 2000+ for conspiracy and criminal conspiracy and governmental and military conspiracy as well at which has murdered, robbed, raped, kidnapped, coerced, aided, abided conspired on and against , enhanced via crystalight, endomorphic, fishtank bram or fram (indecipherable) and nano and darpa and other enhancements, at which is all verifiable world wide via documentations, via satellite, newspapers, computers, and phones looking for Timothy Ray Sadler, aka Timothy Ray Hernandez Sadler aka Salah al-din-yussuf ibn Ayyub." (Doc. 1 at 4).

Although the listing of Defendants in his Complaint implicates thousands, if not millions, of individuals, he does not make even a single allegation of individual conduct by any individual official, nor does it claim any violation of any constitutional right. *See* Doc. 1 at 4. The Complaint wholly fails to state a claim for relief against any defendant. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Court also finds the claims asserted by Sadler are frivolous under 28 U.S.C. § 1915(e)(2). The allegations are clearly delusional and baseless. A complaint plainly abusive of the judicial process is properly typed frivolous within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993). The Court will dismiss the Complaint for failure to state a claim and as frivolous.

The Court will also dismiss without granting Sadler leave to amend. Although he does include some vaguely identified New Mexico defendants in his Complaint, he makes no factual allegations against any New Mexico official or entity. There is no suggestion that any amended claim he might assert would state a claim for relief. To the extent his Complaint attempts to assert claims against officials, entities, or properties outside New Mexico, it is unlikely this Court could ever acquire jurisdiction over them. Any amended complaint would still be subject

to dismissal by this Court and, therefore, granting leave to amend would be futile. *Bradley v. Val-Mejias,* 379 F.3d 892, 901.

**IT IS ORDERED** that the on the Civil Rights Complaint filed by Plaintiff, Timothy Ray Sadler, on July 3, 2017 (Doc. 1) is **DISMISSED** for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).

_____
UNITED STATES DISTRICT JUDGE